UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTWONE DORNELL GOOLSBY,

          Plaintiff,

    v.

JAY INSLEE et al.,

          Defendants.

CASE NO. 3:15-CV-05922-BHS-JRC

REPORT AND RECOMMENDATION

NOTED: April 8, 2016

       This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

       On December 18, 2015, plaintiff Antwone Dornell Goolsby filed a 42 U.S.C. § 1983 complaint against defendants Jay Inslee, Brad Owen and Kathleen O'Toole. Dkt. 1-1. Plaintiff did not pay the $400.00 filing fee or submit a proper application to proceed *in forma pauperis* (IFP). On December 18, 2015, the Clerk advised plaintiff of his filing deficiencies and directed plaintiff to pay or submit the proper IFP application by January 19, 2016. Dkt. 2.

REPORT AND RECOMMENDATION - 1

1       On January 25, 2016, when plaintiff failed to file a proper *in forma pauperis* application,
2 the Court ordered him to submit the full $400.00 filing fee or submit the proper *in forma*
3 *pauperis* application by February 25, 2016. Dkt. 4. Plaintiff was further advised that his failure to
4 do so would result in the Court's recommendation that this action be dismissed. Dkt. 4. Plaintiff
5 has not responded to the Court's order, submitted a proper *in forma pauperis* form, or paid the
6 $400.00 filing fee.

7       The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of
8 a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). Plaintiff has not presented a proper
9 application and, the Court has broad discretion in denying *in forma pauperis* status. *Weller v.*
10 *Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). A district court
11 has authority to dismiss a plaintiff's action because of failure to prosecute or because of failure to
12 comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.,* 370 U.S. 626,
13 629–30, (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to
14 prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars
15 of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) (holding that a
16 district court may dismiss an action for failure to comply with any order of the court).

17       Plaintiff was given an opportunity to pay the filing fee or submit a proper *in forma*
18 *pauperis* application. He has not done so nor has he requested additional time to comply with
19 the Court's order. Thus, the Court recommends that this matter be dismissed without prejudice.

20       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
21 fourteen (14) days from service of this Report and Recommendation to file written objections
22 thereto. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those
23 objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the
24

REPORT AND RECOMMENDATION - 2

1 | time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration
2 | on **April 8, 2016**, as noted in the caption.

3       DATED this 14th day of March, 2016.

                                               *(signature)*

                                               J. Richard Creatura
                                               United States Magistrate Judge